IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT



U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 DEC -5 PM 2:01

BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NELSON FARMS, INC., and<br>DOUGLAS NELSON, SR.<br><br>Defendants. | Civil Action No. 2:16-cv-319 |

## COMPLAINT

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Nelson Farms, Inc. and Douglas Nelson, Sr. ("Defendants") for the discharge of pollutants into waters of the United States in Coventry, Orleans County, Vermont, without authorization by the United States Department of the Army Corps of Engineers ("COE"), in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of the EPA, to

restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the District of Vermont pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because Defendant Douglas Nelson, Sr. resides in Vermont, Defendant Nelson Farms, Inc. conducts business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Vermont pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Defendant Nelson Farms, Inc. is a corporation organized under the laws of Vermont with a business address of P.O. Box 1437, Derby Line, Vermont 05830.

8. Defendant Douglas Nelson, Sr. ("Nelson") is an individual with an address of P.O. Box 1437, Derby Line, Vermont 05830. Nelson is the president, treasurer and sole shareholder of Nelson Farms, Inc. Nelson is named in his individual capacity as a person who had responsibility for and control over the performance of the activities described herein, and in his capacity as the president of Nelson Farms, Inc.
2

9. At all times relevant to the Complaint, Defendant Nelson Farms, Inc. owned the real property that is the subject of this Complaint. Defendants Nelson and Nelson Farms, Inc. controlled the activities that occurred on such property.

## STATUTORY AND REGULATORY BACKGROUND

10. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, *inter alia*, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

11. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers of the COE, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

12. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

13. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand and cellar dirt.

14. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

15. 33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2 defines "waters of the United States" to include *inter alia*: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.[1]

---

[1] EPA and the COE promulgated a new rule, with an effective date of August 28, 2015, that

16. 33 C.F.R. § 328.3 and 40 C.F.R. § 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

17. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

18. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

19. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

20. CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

---

altered somewhat the definition of "waters of the United States." 80 Fed. Reg. 37,054, 37,055–56 (June 29, 2015). This new rule, *inter alia*, amended 33 C.F.R. § 328.3 and 40 C.F.R. § 232.2 by defining "waters of the United States" to include, in relevant part: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries to waters described in (i) and (ii); (iv) wetlands or other waters adjacent to the waters described in (i)-(iii); and (v) waters located within 4,000 feet of the high tide line or ordinary high water mark of tributaries to waters identified in (i) and (ii), provided that they have a significant nexus to the waters described in (i)-(ii). This new rule has been stayed nationwide and is not presently in effect. *In re EPA*, 803 F.3d 804, 807-09 (6th Cir. 2015).

## ALLEGATIONS

21. Since on or around May 4, 1990, Defendant Nelson Farms, Inc. has owned a dairy farm (the "Farm") on Coventry Station Road, in Coventry, Orleans County, Vermont. The Farm consists of approximately 600 acres on the north and south sides of Coventry Station Road, with a farmhouse, barn, milking parlor, manure pit and associated structures on the north side of Coventry Station Road. The Farm is designated by the United States Department of Agriculture, Natural Resources Conservation Service ("NRCS"), as Farm 161, Tract 493.

22. There are three streams on and near the Farm. A stream on the west side of the Farm (the "Western Tributary") originates south of Coventry Station Road and flows north past the barn and other farm structures, then west to the Black River. A second stream on the east side of the Farm (the "Eastern Tributary") also originates south of Coventry Station Road and flows north and west to the Black River. The Black River flows to Lake Memphremagog, an international water bisected by the border of Canada and the United States. A third stream on the Farm originates on the south side of Coventry Station Road (the "Alder Brook Tributary") and flows east to Alder Brook. Alder Brook flows to the Barton River, which flows to Lake Memphremagog.

23. The Western Tributary and the Eastern Tributary are perennial headwater streams which flow between 1.1 and 1.5 miles to the Black River. The Black River has been designated by the COE as a Section 10 water under the Rivers and Harbors Act of 1899 and is a traditional navigable water. The Alder Brook Tributary, a headwater stream, flows to Alder Brook and the Barton River, both perennial streams, to Lake Memphremagog, approximately 5.8 miles away. Lake Memphremagog has been designated by the COE as a Section 10 water under the Rivers and Harbors Act of 1899 and is a traditional navigable water. Lake Memphremagog and the

Black River are waters that are currently used, were used in the past, or may be susceptible to use in interstate commerce.

24. The Western Tributary, Eastern Tributary, Alder Brook Tributary, Alder Brook, the Barton River, and the Black River are each characterized by the presence of physical indicators of a bed and bank and an ordinary high water mark.

25. The Western Tributary, Eastern Tributary, and Alder Brook Tributary provided and continue to provide important functions, including, *inter alia*, contribution of flow, export of organic matter and export of food resources. These tributaries had and continue to have a significant nexus to, and significantly affect, the chemical, physical and/or biological integrity of downstream traditional navigable waters, including the Black River and Lake Memphremagog.

26. At various times between 2010 and 2013, Defendants and/or persons acting on their behalf and at their direction, cleared, grubbed, stumped, contoured land, tilled and/or plowed approximately 110 acres of wetlands on the Farm, causing discharges of dredged and/or fill material into wetlands and into the Eastern Tributary. The purpose of the discharges was to convert wetlands to corn fields and hay fields to support dairy operations. The discharges into wetlands and other waters occurred in areas of the Farm which have been designated by NRCS as Fields 30A, F1, W3, UN9, 7A, and 19. A map showing the general locations of the areas where such discharges occurred is attached as Appendix A to this complaint.

27. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

28. Defendant Nelson Farms, Inc. owned and controlled the land on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

29. Defendants Nelson and Nelson Farms, Inc. conducted, contracted for, supervised

6

and/or otherwise controlled the unauthorized activities described herein as being in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

30. The dredged or fill material that the Defendants and/or persons acting on their behalf caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

31. One or more of the Defendants and/or persons acting on their behalf used mechanized land-clearing, earth-moving and/or tilling equipment, including without limitation an excavator and bulldozer, to accomplish the discharges. This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

32. At the time of Defendants' activities, the wetlands in Fields 30A, F1, W3, UN9, 7A, and 19 were "wetlands" within the meaning of the CWA and the regulations promulgated thereunder.

33. At the time of Defendants' activities, the wetlands in Fields 30A, F1, W3, UN9, and 19 directly abutted, had a continuous surface connection to, and were contiguous to and/or bordering the Eastern Tributary, the Western Tributary, and/or Alder Brook Tributary, relatively permanent waters which are connected to traditionally navigable waters.

34. At the time of Defendants' activities, the wetlands in Fields 30A, F1, W3, UN9, 7A, and/or 19 provided important functions, including, *inter alia*, nutrient recycling, retention and attenuation of flood waters, sediment trapping, export of organic matter, and export of food resources. These wetlands, together with similarly situated wetlands in the region, had and continue to have a significant nexus to, and significantly affect, the chemical, physical and/or biological integrity of downstream traditional navigable waters, including the Black River and Lake Memphremagog.

35. The wetlands in Fields 30A, F1, W3, UN9, 7A, and 19, and the Eastern Tributary, the Western Tributary, the Alder Brook Tributary, Alder Brook, Black River, Barton River, and Lake Memphremagog are, and were at the time of Defendants' actions, "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder that were in effect at the time of Defendants' activities and are now in effect.

36. Defendants did not obtain a CWA Section 404 permit for the discharges of dredged and/or fill material into waters of the United States at the Farm as required by Sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

37. Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged and/or fill material into waters of the United States, including wetlands, at the Farm.

38. Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

39. Unless enjoined, Defendants are likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in waters of the United States at the Farm in violation of CWA section 301, 33 U.S.C. § 1311.

### COUNT I

### DISCHARGE OF DREDGED AND/OR FILL MATERIAL WITHOUT A PERMIT OR OTHER AUTHORIZATION UNDER SECTION 404 OF THE CLEAN WATER ACT

40. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 39.

41. On information and belief, between 2010 and 2013, the Defendants, and/or persons acting on their behalf, used point sources to discharge dredged and/or fill material into

wetlands and/or other waters of the United States in and around the Farm, located in Coventry, Vermont.

42. Defendants' activities at the Farm resulted in the discharge of dredged and/or fill material into approximately 110 acres of wetlands and a portion of the Eastern Tributary, all waters of the United States.

43. Defendants never had a valid and effective permit issued under section 404 of the CWA, 33 U.S.C. § 1344, authorizing the discharge of dredged or fill material into waters of the United States, nor were the discharges authorized under any other section of the Act.

44. Defendants' discharges of dredged and/or fill material into waters of the United States are in violation of CWA Section 301, 33 U.S.C. § 1311.

45. As a result of their violations of the CWA as described herein, and in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b), Defendants are subject to appropriate relief, including a permanent or temporary injunction.

46. As a result of their violations of the CWA, Defendants are subject to a civil penalty of up to $37,500 per day for violations taking place after January 12, 2009 and before November 2, 2015. *See* CWA Section 309(d), 33 U.S.C. § 1319(d), as amended by Pub. L. No. 104-134, Section 31001, 110 Stat. 1321-373 (1996); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340 (Dec. 11, 2008). Defendants are subject to a civil penalty of up to $51,570 per day for any violations taking place after November 2, 2015. *See* CWA Section 309(d), 33 U.S.C. § 1319(d), as further amended by Pub. L. 114-74 (2015); 81 Fed. Reg. 43091 (July 1, 2016).

47. The CWA violations alleged are ongoing as of the date of the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That the Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

2. That the Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of the EPA, to effect complete restoration of the illegally-altered wetlands and waters of the United States at the Farm, and/or to conduct mitigation for irreversible environmental damage, as appropriate;

3. That the Defendants be assessed, pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

4. That the United States be awarded costs and disbursements in this action; and

5. That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

DATE: December 5, 2016

OF COUNSEL:

MELISSA RAACK
U.S. Environmental Protection Agency
Office of Compliance and Enforcement
Assurance
Mail Code 2243A
1200 Pennsylvania Ave., NW

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

/s/ Perry M. Rosen

PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611

Washington, D.C. 20004

MARGERY L. ADAMS
Senior Enforcement Counsel
U.S. Environmental Protection Agency
Region 1
5 Post Office Square (OES04-02)
Boston, MA 02109

Washington D.C.   20044
Tel:   202-353-7792
Fax:   202-514-8865
perry.rosen@usdoj.gov

ERIC S. Miller
United States Attorney

OWEN FOSTER
Assistant United States Attorney
District of Vermont
11 Elmwood Avenue, 3rd Floor
Burlington, VT 05402
802-651-8254
Owen.C.J.Foster@usdoj.gov

11