IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NELSON FARMS, INC., and<br>DOUGLAS NELSON, SR.<br><br>and<br><br>NELSON FARMS VT LLC,<br><br>Defendants and Successor. | Civil Action No. 2:16-cv-00319-cr |

## AMENDMENT TO CONSENT DECREE

WHEREAS, the Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed the Complaint in this action against Nelson Farms, Inc. and Douglas Nelson, Sr. ("Defendants"), alleging that Defendants violated Sections 301, 309, and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311, 1319, and 1344, by discharging dredged or fill material and/or controlling and directing the discharge of dredged or fill material into "waters of the United States" without a permit or other authorization from the United States Department of the Army Corps of Engineers ("Corps");

WHEREAS, EPA and the Defendants settled this matter through a Consent Decree entered by the Court on January 24, 2020 ("Consent Decree," Doc. 38);

WHEREAS, paragraphs 16 and 17 of the Consent Decree call for Defendants to pay a civil penalty of one hundred and fifty thousand dollars ($150,000.00) in partial resolution of this

matter ("Civil Penalty"), with said payment to be made no later than 180 days after the Effective Date of the Consent Decree (January 24, 2020), meaning that said payment was due and owing on or before July 22, 2020 ("Original Payment Date");

WHEREAS, under the terms of the Consent Decree, if payment was not made by the Original Payment Date, Defendants would be deemed in default of the Consent Decree and would owe stipulated penalties as well as interest on the $150,000 payment, to be charged in accordance with the rate provided for in 28 U.S.C. § 1961 (Consent Decree ¶¶ 41, 45);

WHEREAS, as of the date of this amendment to the Consent Decree ("Amendment"), payment of the Civil Penalty has not been made;

WHEREAS, under the terms of the Consent Decree, Defendants were further required to take certain restoration, mitigation, and preservation actions, including, but not limited to, those actions outlined in paragraphs 20-25 of the Consent Decree and Appendix A thereto ("Performance Actions");

WHEREAS, as of the date of this Amendment, the Performance Actions have not been taken or otherwise completed;

WHEREAS, Defendants have sold or otherwise transferred the property that is the subject of the Consent Decree and Defendants' business to Nelson Farms VT LLC ("Successor"), which by affixing its signature on this Amendment agrees that it is a successor to Defendants and that it is bound to fulfill all terms, conditions and obligations of, or applying to, the Defendants under the Consent Decree, including, but not limited to, the Performance Actions and payment of the Civil Penalty, including interest;

WHEREAS, by affixing their signatures to this Amendment, Defendants and Successor agree that they are each jointly and severally liable for fulfilling any and all obligations of the Consent Decree assigned to Defendants, as amended;

WHEREAS, Defendants and Successor have represented and certified that the Covid-19 pandemic materially affected Defendants' business to the extent that it impacted Defendants' ability to make payment of the Civil Penalty required in paragraphs 16 and 17 of the Consent Decree on or before the Payment Date, and have further certified that the transfer of Defendants' business and property to Successor caused additional delay in their ability to pay the Civil Penalty required in paragraphs 16 and 17 of the Consent Decree and to conduct and/or complete the Performance Actions as required under the Consent Decree and Appendix A thereto by the deadlines stated therein;

WHEREAS, Defendants and Successor agree that the circumstances described in the preceding paragraph do not constitute force majeure under the terms of the Consent Decree;

WHEREAS, the United States has nevertheless determined, based on the specific circumstances outlined herein as certified by Defendants and Successor, that it is in the public interest to provide a reasonable extension of the Original Payment Date and the deadlines for completing the Performance Actions ("Performance Deadlines") that are set forth in the Consent Decree and Appendix A thereto; and

WHEREAS under paragraph 50 of the Consent Decree, the Court retained jurisdiction over this action in order to enforce or modify the Consent Decree,

THEREFORE, without further adjudication of any issue of fact or law, and upon consent of the Parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED

and DECREED that the Consent Decree entered by the Court on January 24, 2020 (Doc. 38) is hereby AMENDED as follows:

1. The Civil Penalty of $150,000.00 plus any applicable interest required to be paid by Defendants or Successor under Paragraphs 16 and 17 of the Consent Decree, which was due on the Payment Date of July 22, 2020, shall instead be paid pursuant to the following schedule:

| PAYMENT DATE | PAYMENT AMOUNT |
| --- | --- |
| Nov. 1, 2023 | $25,000 |
| Feb. 1, 2024 | $25,000 |
| May 1, 2024 | $25,000 |
| Aug. 1, 2024 | $25,000 |
| Nov. 1, 2024 | $25,000 |
| Feb. 1, 2025 | $25,000 plus "Penalty Interest" |

The United States shall inform Defendants and Successor at least ten (10) days prior to the final payment due on February 1, 2025, the amount of Penalty Interest to be added to that final payment. The Penalty Interest owed shall be based on the full amount owed ($150,000) and on the statutory interest rate applicable on the effective date of the Consent Decree, July 22, 2020, that rate being 0.15%. Interest will be compounded annually from July 22, 2020 to the date of the final payment and otherwise assessed in accordance with 28 U.S.C. § 1961.

2. The Parties agree that payments of all of the above specified amounts, including Penalty Interest, on or by each of the specified dates ("Revised Payment Dates") shall satisfy the requirements under the Consent Decree related to payment of Civil Penalties, including obligations to pay interest on said penalty, and that failure to make such payments pursuant to the schedule as revised herein shall be a material breach of the Consent Decree as amended. The payments outlined herein shall otherwise be made in accordance with the payment procedures set forth in the Consent Decree.

3.      The Performance Actions and Performance Deadlines shall be modified as set forth in Exhibits A-1, A-2 and B, respectively, to this Amendment, which are fully incorporated herein as part of this Amendment. The modified Performance Actions shall be performed and completed by Successor.

4.      All other terms of the Consent Decree, including but not limited to stipulated penalties for non-payment of the Civil Penalty by the Revised Payment Dates, failure to complete the Performance Actions by the modified Performance Deadlines, and/or other breach of the Consent Decree, remain in full force and effect.

5.      EPA's agreement to revise the Consent Decree does not alter or waive any rights the United States has to enforce the terms of the Consent Decree, including but not limited to the application of stipulated penalties for non-compliance with the Consent Decree dating from the initial date of non-compliance with the Consent Decree, in the event that the terms of the Consent Decree, as amended herein, are not fully complied with.

## COURT APPROVAL

The Court, having reviewed and considered this Amendment to Consent Decree, and having determined that is in the public interest and fully settles the dispute alleged in the Complaint, hereby approves and enters this Amendment to Consent Decree.

IT IS SO ORDERED.

Dated and entered this  30th  day of  October , 2023

_____
United States District Judge

Consented and agreed to by:

**ON BEHALF OF THE UNITED STATES:**

PERRY ROSEN
Digitally signed by PERRY ROSEN
Date: 2023.10.10 08:55:53 -04'00'

Date: _____

PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044
Tel: (202) 353-7792
Fax: (202) 514-8865
perry.rosen@usdoj.gov

**ON BEHALF OF U.S. ENVIRONMENTAL PROTECTION AGENCY:**

CARL DIERKER
Digitally signed by CARL DIERKER
Date: 2023.09.27 17:11:16 -04'00'

Date: _____

CARL DIERKER
Regional Counsel
Office of Regional Counsel, Region 1
U.S. Environmental Protection Agency
5 Post Office Square
Boston, MA 02109-3912

LAURA BEVERIDGE
Digitally signed by LAURA BEVERIDGE
Date: 2023.09.27 19:45:56 -04'00'

Date: _____

LAURA BEVERIDGE
Senior Enforcement Counsel
Office of Regional Counsel – Region 1
U.S Environmental Protection Agency
Mail Code: 04-3
5 Post Office Square
Boston, MA 02109-3912

JOSEPH THEIS
Digitally signed by JOSEPH THEIS
Date: 2023.10.06 14:35:53 -04'00'

Date: _____

BENJAMIN BAHK, Director
Water Enforcement Division
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460


MELISSA RAACK
Digitally signed by MELISSA RAACK
Date: 2023.10.06 18:50:39 -04'00'

Date: _____

MELISSA K. RAACK, Attorney Advisor
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

ON BEHALF OF DEFENDANT NELSON FARMS, INC.:

_____   Date: 9-20-23
DOUGLAS NELSON, SR.
President
Nelson Farms, Inc.
P.O. Box 1437
Derby Line, Vermont 05830


ON BEHALF OF DEFENDANT DOUGLAS NELSON, SR.

_____   Date: 9-20-23
DOUGLAS NELSON, SR.
Nelson Farms, Inc.
P.O. Box 1437
Derby Line, Vermont 05830


ON BEHALF OF SUCCESSOR NELSON FARMS VT LLC

_____   Date: 9-20-23
CY NELSON
464 Palin Farm Rd.
Derby, VT 05829

Mailing Address
P.O. Box 980
Derby. Vermont 05829

*U.S. v. Nelson Farms, Inc.*
No. 2:16-cv-00319 - Page 9